IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALEXANDRA SIMS                                                                                    PLAINTIFF

VS.                                    NO. 4:13-cv-00371-JLH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY              DEFENDANT

---

**BRIEF IN SUPPORT OF
MOTION FOR SANCTIONS FOR
FAILURE TO ATTEND RULE 30(b)(6) DEPOSITION AND
VIOLATION OF THE COURT'S APRIL 30, 2014 DISCOVERY ORDER,
MOTION TO COMPEL PRODUCTION OF DOCUMENTS BEFORE APRIL 2, AND
MOTION TO DEEM REQUESTS FOR ADMISSION ADMITTED**

---

State Farm refused to appear for a Fed. R. Civ. P. 30(b)(6) and 34 deposition on January 14, 2015 without asking the Court to quash the notice beforehand. State Farm has also failed to make complete production pursuant to the Court's April 30, 2014 discovery order, and has refused to produce documents sought in later discovery requests. Sanctions are an appropriate remedy pursuant to Fed. R. Civ. P. 37.

1.  **State Farm unilaterally refused to attend the deposition without obtaining appropriate leave from the Court.**

A party may not unilaterally cancel a deposition. *Stephen L. LaFrance Holdings v. Sorensen*, 278 F.R.D. 429 (E.D. Ark. 2011). Instead, one must follow a mandatory procedure for cancelling a deposition. In the *Sorensen* case, which was decided in this judicial district, a party filed a motion to quash depositions. *Id*. The moving party then did not appear. *Id*. The party seeking the deposition filed a motion for sanctions for failure to appear. *Id*. In weighing whether to issue sanctions, the district court expressly held "[t]he mere act of filing a motion [to quash]… does not relieve a party of the duty to appear; the party is obliged to appear until some order of

the court excuses attendance." *Id*. (citing *Barnes v. Madison*, 79 Fed.Appx. 691, 707 (5th Cir. 2003)); *see also Batt v. Kimberly-Clark Corp.*, 438 F.Supp.2d 1315, 1317-18 (N.D. Okla. 2006) (a motion to quash does not automatically stay a deposition); *Sutherland v. Mesa Air Group, Inc.*, No. 98-10061-CIV 2003, 2003 WL 21402549, at *5 and n. 10 (S.D. Fla. June 6, 2003) (filing a motion for protective order alone does not relieve the obligation to attend depositions, which dissipates only when court a grants the motion); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (the court's inaction on plaintiff's motion for a protective order to postpone the taking of his deposition did not relieve plaintiff of the duty to appear for deposition); *Goodwin v. City of Boston*, 118 F.R.D. 297, 298 (D. Mass. 1988) ("[I]t is incumbent on counsel for movant to file a motion to stay the deposition until the court acts on motion to quash…and to alert the [court] to the need for immediate action."). It is black-letter federal civil procedure that before a party can cancel a deposition, it must obtain an order from the court permitting it to do so.

In this case, State Farm waited until late in the day before the scheduled deposition and emailed the Plaintiff an objection to the notice.[1] Fed. R. Civ. P. 37(d)(2) provides that a failure to attend a Rule 30(b)(6) deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order[.]" State Farm neither filed a motion for protective order nor sought any other relief from the Court, despite having over a month to do so. As such, State Farm failed to comply with the mandatory judicial procedure for quashing a deposition that was noticed pursuant to Fed. R. Civ. P. 30(b)(6).

---

[1] The objection filed by State Farm is attached as Exhibit A-4 (the certificate of nonattendance is Exhibit A).

**2.      State Farm's conduct warrants an appropriate sanction from the Court.**

Fed. R. Civ. P. 37(d)(3) provides that the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A)(i-vi) are available when a party fails to attend a deposition noticed pursuant to Fed. R. Civ. P. 30(b)(6) and when a party disobeys a discovery order.[2]

**2.1.      The Court should strike State Farm's answer and enter default judgment.**

It has long been the law in the Eighth Circuit that the remedy for refusing to attend a Fed. R. Civ. P. 30(b)(6) deposition is striking the defendants' pleadings and entering judgment by default. *Peitzman v. Illmo*, 141 F.2d 956, 960–61 (8th Cir. 1944) (holding that trial court did not abuse its discretion by entering default). The Plaintiff seeks this remedy, as there is no good faith defense to State Farm's actions. The Plaintiff's notice sought routine discovery (which has been ordered in several other cases around the country) concerning the availability, authenticity, and business record status of documents relating to State Farm's claim handling procedures and the financial incentives of its employees to unfairly reduce claim payouts. State Farm vigorously resists production of these documents, including in the following cases:

- *Barten v. State Farm*, D. Ariz. Case No. 12-CV-399;
- *Chauvin v. State Farm*, E.D. Mich. Case No. 10-CV-11735;
- *Leonard v. State Farm*, Denver Cty. Colo. Case No. 2009-CV-10383;
- *Cusumano v. State Farm*, Larimer Cty. Colo. Case No. 08-CV-1280;
- *Van Emon v. State Farm*, E.D. Mich. Case No. 05-CV-72638; and
- *Hill v. State Farm*, W.D. Okla. Case No. 00-CV-1877.[3]

---

[2] Fed. R. Civ. P. 37(d)(1)(B) does not require a certification of a good faith conference with opposing counsel to secure attendance at a deposition pursuant to Fed. R. Civ. P. 30(b)(6). Plaintiff's counsel conferred with defense counsel in an attempt to secure production of documents at issue in this motion.

Further compounding the issue of State Farm's non-production in this case is the failure to make full production in compliance with the Court's discovery order entered April 30, 2014 (ECF No. 31). As demonstrated in Exhibit C-1 and C-2 to the instant motion, State Farm did not produce complete documents. Exhibit C-1 begins with page 7, not page 1, and omits 2 other pages (15–16) within the same document. This is not the only example. Many of the pages produced by State Farm bear a secondary set of bates labels in the form of Z### ####. These numbers do not appear in sequential order within the information produced by State Farm, which indicates they were not produced as kept in the ordinary course of business. By way of example:

- Exhibit C–1 to this motion is labeled SIMSA700–714, and has secondary bates numbers Z128 1603–1621 (omitting Z128 1611 and 1612).
- Exhibit C-2, the very next document, is labeled SIMSA715–730. It has secondary bates numbers Z128 1597–1600, 1611, 1622–1623, 1626–29, 1634–1638. The secondary numbers are clearly out of order, and the document contains only 16 pages of a 40-page document.

Fed. R. Civ. P. 30 states, "A party must produce documents as they are kept in the usual course of business[.]" State Farm clearly has not produced documents as they are kept in the ordinary course of business; State Farm's own bates-labeling system confirms this. State Farm actually hasn't produced documents at all as required by the rule and the Court's discovery order, because it has only produced portions of documents.

There are hundreds, perhaps thousands, of these out-of-order and incomplete documents in addition to the two provided. State Farm's method of production leaves the Plaintiff playing guessing games at whether full production has been made. Where does one document end and

---

[3] *See* ECF No. 23, at p. 9, for a discussion of these cases.

another begin? The Plaintiff should not have to completely re-index State Farm's production, comparing three different sets of bates labels and pages numbers, to determine whether production is complete. The Plaintiff tried to rectify this matter by serving another set of requests for production relating to the Z-numbering system; however, in a manner that is becoming irritatingly repetitive in this litigation and the shared-discovery *Toland* case, State Farm simply refused to cooperate.

Sanctions are appropriate for State Farm's failure to comply with Fed. R. Civ. P. 30 and the Court's discovery order compelling production of documents. The six cases cited above demonstrate that State Farm's discovery behavior in this case is not an isolated incident. State Farm's conduct should receive severe sanctions, and the Plaintiff requests entry of default.

> **2.2.   The noticed discovery pertains to documentary evidence the Plaintiff seeks to introduce at trial, so several remedies do not provide significant relief to the Plaintiff.**

Remedies in this situation also include prohibiting State Farm from supporting or opposing designated defenses or from introducing designated matters into evidence. Aside from entry of default, these remedies do not provide relief to the Plaintiff. The requested depositions relate to documentary evidence supporting the Plaintiff's bad faith claim. However, striking State Farm's defense to the Plaintiff's bad faith claim alone makes little sense, as such claim flows directly from the Plaintiff's underinsured motorist claim. If the Court is inclined to prohibit State Farm from introducing evidence as a remedy, then the Plaintiff seeks to preclude State Farm from calling any witnesses at the trial of this matter, including experts. This would serve to prohibit State Farm from pointing to medical evidence developed after the claims evaluation in this case which, as State Farm will contend, allegedly shows it reached the right result for the wrong reason.

Staying the proceedings is likewise unhelpful. Ms. Sims' car wreck occurred in January 2008. This lawsuit has been pending for nearly two years, and several of the Plaintiff's witnesses have moved away. Further delays work in favor of State Farm, not against it. Accordingly, a stay is little remedy to the Plaintiff.[4]

### 2.3. In the alternative to default, the Plaintiff asks that the allegations in her complaint and requests for admission to be taken as established for purposes of the action.

The Plaintiff made detailed allegations in her complaint concerning the institutional practices of State Farm and the application of those practices to the instant case. *See* ECF No. 1. Because these matters relate directly to the discovery sought from State Farm in the Fed. R. Civ. P. 30(b)(6) deposition and the documentary discovery State Farm failed to produce in violation of the Court's discovery order, the Plaintiff's factual allegations cited above should be taken as established for purposes of this action. The Court should also deem the Plaintiff's Request for Admission Nos. 4–889 admitted, as they relate to the documents at issue in this discovery dispute.

### 2.4. Further in the alternative, the Plaintiff seeks an order requiring production of information not yet produced; lifting all information already produced and to be produced from the Court's protective order; and deeming all such material admissible at trial.

As demonstrated in the cases cited in § 2.1 above, and as explained in more detail at pp. 2–10 in the Plaintiff's brief in support of motion to compel (ECF No. 23), State Farm's nationwide litigation practice is to obstruct discovery. Part of the reason State Farm can keep doing so is that many documents relevant to its institutional practices are confidentially produced

---

[4] The Plaintiff does request a stay as alternate relief if the Court deems more severe sanctions for State Farm's discovery violations to be inappropriate, as the requested discovery is important to Sims' claim.

under protective orders. That is, protective orders directly contribute to the types of litigation games State Farm is playing in this instance. Understandably, courts are slowly chipping away at the protection afforded these documents. *See, e.g.*, *Barten v. State Farm Mut. Auto. Ins. Co.*, Case No. CV-12-0399-TUC-CKJ, 2014 U.S. Dist. LEXIS 133569 (D. Ariz. Sept. 22, 2014) (protective order denied as moot); *Chauvin v. State Farm Mut. Auto. Ins. Co.*, Case No. 10-cv-11735, 2011 U.S. Dist. LEXIS 50522 (E.D. Mich. May 11, 2011) (denying a protective order for ACE documents relating to claims handling procedures).

An example from this case shows how State Farm hides behinds these protective orders. In Exhibit E, counsel for State Farm states that documents from the Colorado Hassoldt deposition are protected and thus not subject to disclosure. The documents attached as Exhibit D from the Hassoldt deposition demonstrate they are not limited to a single region, but relate to State Farm's nationwide ACE and TEACH programs. Indeed, none refer to a specific region. Despite this, they have not been produced in this litigation, even though the Rule 30(b)(6) notice in this case is virtually identical to the one in the Hassoldt case that is part of Exhibit D.[5] Further, the Hassoldt deposition documents are responsive to discovery requests subject to the Court's order to compel discovery. Despite this, State Farm did not produce such documents in this matter — either following the entry of the discovery order or in response to the objection to the deposition notice. Rather, Plaintiff's counsel located them through other means. State Farm's failure to produce these documents, as well as others attached to the Hassoldt deposition, constitutes an independent violation of the Court's April 30, 2014 discovery order.

---

[5] The Court's discovery order already deemed the ACE and TEACH documents relevant to this litigation. State Farm's objection to producing them in response to the deposition notice is in direct violation of such order.

In this case, which for discovery purposes has been joined with the case of *Toland v. State Farm*,[6] several thousands of pages of documents have been designated as confidential by State Farm. Confidentiality of these documents will permit State Farm to continue to play discovery games in this and other litigation. For this reason, all documents marked as confidential in this matter should be stripped of their confidential designation, and the Court should dissolve the protective order.

**3.    The Plaintiff should be awarded attorney's fees and costs due to State Farm's discovery obstruction.**

The Plaintiff is entitled to attorney's fees and costs pursuant to Fed. R. Civ. P. 37(d)(3). Such rule provides that a party failing to act to attend a Fed. R. Civ. P. 30(b)(6) deposition must pay the reasonable expenses and attorneys' fees of the moving party. Because State Farm's actions failed to comply with the deposition notice, and its attempt to avoid the deposition is expressly listed as an "unacceptable excuse for failing to act" in Fed. R. Civ. P. 37(d)(2), an award of monetary sanctions is mandatory under the rule. Likewise, Fed. R. Civ. P. 37(b)(2)(C) requires the payment of fees for failure to comply with a discovery order.

State Farm's conduct in this case is not substantially justified. Furthermore, awarding attorney's fees and expenses to the Plaintiff would not be unjust, as State Farm is a multi-billion dollar corporation that acted deliberately (as it has in numerous other cases) when it unilaterally cancelled the deposition without first obtaining leave of the Court, and in producing incomplete,

---

[6] *See* ECF No. 19, p. 2; *Toland v. State Farm*, E.D. Ark. Case No. 2:12-cv-44-JM, ECF No. 37, p. 2. The Plaintiff has filed a similar motion in the *Toland* case, but discovery disputes approaching a year old remain pending before the *Toland* Court. The Plaintiff has made no secret of her intention to take one cross-noticed deposition for both cases of several State Farm witnesses for purposes of economy in travel and deposition costs, but the lack of disposition of discovery disputes filed as early as March 2014 in the *Toland* case is impeding the progress of those depositions.

out-of-order documents subject to a discovery order. As a result, this Court should order State Farm to pay fees and expenses to the Plaintiff.

## CONCLUSION

State Farm unilaterally cancelled a properly noticed deposition and failed to produce documents subject to a discovery order. Prior State Farm cases support the reasonable inference that State Farm is obstructing discovery, never intended to appear for the deposition, and failed to follow the appropriate procedure for cancelling the deposition. Therefore, this Court should award severe sanctions to deter future misconduct.

    Respectfully submitted,

    /s/ Nathan P. Chaney
    Don P. Chaney, AR BIN 78027
    Nathan P. Chaney, AR BIN 2004109
    S. Taylor Chaney, AR BIN 2010011
    CHANEY LAW FIRM, P.A.
    P.O. Box 1405
    Arkadelphia, Arkansas 71923
    Email:    Nathan@Chaneylaw.com
    Telephone:    (870) 246-0600
    Facsimile:    (866) 734-0971
    Website:    www.chaneylaw.com

    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2015, I served the foregoing document upon the opposing parties listed below by operation of the Court's Electronic Filing System:

Mr. John E. Moore
Ms. Sarah Cullen
Ms. Ashleigh Phillips
MUNSON, ROWLETT, MOORE AND BOONE
400 West Capitol, Suite 1900
Little Rock, AR 72201

    /s/ Nathan P. Chaney
    Nathan P. Chaney