**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

ALEXANDRA SIMS                                                                                           PLAINTIFF

v.                                            NO. 4:13CV00371 JLH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                                DEFENDANT

## ORDER

Alexandra Sims has filed a motion asking for reconsideration of the Court's order granting State Farm's motion for partial summary judgment on her first-party bad faith claim. The Court granted that motion because Sims had not presented evidence that State Farm committed any affirmative act of dishonesty, oppression, or malice. Document #92 at 6. The conclusion that Sims had not presented evidence that State Farm committed an affirmative act of dishonesty, oppression, or malice was reached after a review of the events upon which Sims relied as constituting affirmative acts of dishonesty, oppression, or malice and the relevant Arkansas case law. The Court did not specifically mention the testimony and report by Justin Minton, who was engaged by Sims as an expert. Minton is a lawyer who previously worked as a claims adjustor. Because the Court did not specifically mention Minton's report, Sims suggests that his report was overlooked. It was not. In his report, Minton recounts events in the claims handling process in this case, characterizes actions by State Farm's claims adjustors as objectively unreasonable, falling short of industry standards for good faith handling practices, or the like, and then concludes that these actions constituted deceptive, dishonest, and oppressive conduct. Minton's conclusions on these issues are not evidence, and the fact that he opines that State Farm committed affirmative acts that were deceptive, dishonest, or oppressive does not make it so. The facts are the facts, and Minton's opinions do not change them. No evidence has been presented to show that State Farm committed

an affirmative act of dishonesty, oppression, or malice.  State Farm may not have handled Sims's claim properly; it may not have complied with industry standards; and it may not have followed its own protocol in every respect.  Mishandling a claim, failing to comply with industry standards, failing to follow the insurer's own protocol, and the like are not enough to establish bad faith in Arkansas, even if a report from a former claims adjustor characterizes those failures as dishonest or oppressive.  Again, to establish bad faith in Arkansas, a plaintiff must present evidence that the insurer committed an affirmative act of dishonesty, oppression, or malice.  And, again, Sims has presented no such evidence.

The motion for reconsideration is DENIED.  Document #111.

IT IS SO ORDERED this 8th day of January, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE