IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALEXANDRA SIMS                                                                                           PLAINTIFF

v.                                                    No. 4:13CV00371 JLH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                              DEFENDANT

## OPINION AND ORDER

Alexandra Sims sued State Farm Mutual Automobile Insurance Company for breaching its contractual obligation to pay pursuant to the underinsured motorist coverage provided to Sims. The case was set for trial, but before trial, State Farm served Sims with an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Document #174-1. Sims did not accept the offer. Trial commenced on January 9, 2017, and on January 12, after a trial by jury and jury verdict, this Court entered judgment in favor of State Farm on all claims brought by Sims. As the prevailing party, State Farm now moves for costs under Rule 54(d)(1). State Farm also moves for costs under Rule 68(d). For the following reasons, State Farm's motion is denied.

Rule 54(d)(1) allows prevailing parties to recover costs "[u]nless a federal statute, these rules, or a court order provides otherwise." Under this rule, prevailing parties are presumptively entitled to costs. *Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005). Nevertheless, the prevailing party, as the movant, bears the burden of demonstrating the amount of compensable costs to which it is entitled. *See Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002), *as amended on denial of reh'g* (June 19, 2002); *see also Day v. Celadon Trucking Servs., Inc.*, 827 F.3d 817, 832 (8th Cir. 2016) ("Generally, the proponent of a motion bears the initial burden of showing that the motion should be granted." (footnote omitted)). To demonstrate, or "verify," costs incurred, the United States Code provides prevailing parties with

a statutory formula: file a "bill of costs" and attach an affidavit. *See* 28 U.S.C. § 1920 ("A bill of costs shall be filed in the case and, upon allowance, included in the judgment or degree."); 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."); *see also United States v. Hiland*, 909 F.2d 1114, 1142 (8th Cir. 1990) (holding it "mandatory" to file a bill of costs and verify costs with a section 1924 affidavit).

Here, State Farm filed an affidavit by a "billing clerk" with an attached list of expenses incurred by the defense and supporting documentation. The affidavit, however, does not conform to the statutory requirements. Rather, it merely states that the costs "have been incurred for the activity set out in the 'Description' column on behalf of State Farm's defense in the lawsuit filed by Alexandra Sims." Document #174-2. Nowhere does State Farm or its "duly authorized attorney or agent" swear that the bill of costs "is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Incantations are not required, but compliance with the statute is required. *See Hiland*, 909 F.2d at 1142 (reversing district court's award of costs where prevailing party did not file a verified bill of costs, making it impossible for the district court to have determined whether the costs were compensable). State Farm's conclusory claim of entitlement to the costs reflected in its bill of costs does not meet the statutory requirement.

While a court has discretion to award Rule 54 costs, it is required to award costs when Rule 68 applies. *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 353, 101 S. Ct. 1146, 1151, 67

L. Ed. 2d 287 (1981); *Perkins v. U.S. W. Commc'ns*, 138 F.3d 336, 338 (8th Cir. 1998). In this case, Rule 68 does not apply. According to the plain language of the Rule, the cost-shifting mandate is triggered when "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer." Fed. R. Civ. P. 68(d). In *Delta Air Lines*, the Supreme Court held that Rule 68 does not apply to judgments in favor of the defendant. 450 U.S. at 352, 101 S. Ct. at 1150 (explaining that Rule 68 "applies only to offers made by the defendant and only to judgments obtained by the plaintiff" and not to cases where "it was the defendant that obtained the judgment"); *see also Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011) ("Rule 68 applies only where the district court enters judgment in favor of a plaintiff for an amount less than the defendant's settlement offer." (citation omitted)). On January 12, 2017, this Court entered judgment in favor of State Farm. Rule 68 costs, therefore, are not applicable in this case.

## CONCLUSION

For the foregoing reasons, State Farm's motion is DENIED. Document #174.

IT IS SO ORDERED this 21st day of February, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE